1

2

3

4                               UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6                                    SAN JOSE DIVISION

7

8    IN RE EX PARTE APPLICATION OF          Case No.  20-mc-80147-VKD
     SAPPORO OTA PSYCHIATRY
9    HOSPITAL,                              **ORDER RE EX PARTE APPLICATION
                                            FOR DISCOVERY PURSUANT TO 28
10                    Applicant.            USC § 1782**

11                                          Re: Dkt. No. 1

12

13

14          Applicant Sapporo Ota Psychiatry Hospital ("SOPH") has filed an ex parte application for

15   an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google

16   LLC ("Google").  Dkt. Nos. 1-6.  Although the proposed subpoena is directed to Google, SOPH

17   will use the subpoena to obtain identifying and contact information for a person in Japan who

18   made a post from a Google account.

19          The Court grants in part and denies in part the application as discussed below.

20   **I.      BACKGROUND**

21          According to the application, SOPH operates a psychiatric hospital in Sapporo, Japan.

22   Dkt. No. 1 at 2.  On June 16, 2020, an anonymous review was posted on the Google Map review

23   page associated with the hospital.  *Id.*  The review (as translated in SOPH's application) states:

24                  When I was a high school student, I was hospitalized for about a
                    month for medical care because of an attempted suicide. In
25                  conclusion, it was the worst.  One of the treatment methods had me
                    trapped inside of a small area with just one cushion and had me
26                  writing reports on how much of a bother I was to those around me,
                    how much money I have had to have people spend on me in order
27                  for me to live.  As someone who wanted to die from self-loathing, it
                    was painful and only made me want to die further.  In the animal
28                  therapy sessions, first of all, there are many times when you feel the

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11

> therapy dogs are being abused and it hurts my heart.  Also, I'm not sure on what treatment it was, but in the morning, we were taken to the ward for people with dementia and we, the patients, were made to feed them wafers.  It's far too dangerous for a non-trained person to feed a patient.  And some of the dementia patients were violent and sometimes we and the therapy dogs were often beaten as well.  And finally, there was something really tough for me back then.  Originally, I was to be hospitalized only during spring break but my admission was extended 1-2 weeks.  I cried when that happened due to shock but one of the nurses told me "Know what crying like that will get you" and from then on I was terrified of showing any emotions.  I had to attend school from the hospital, and I was not allowed to stop by my home, carry a cell phone and even was told to refrain from meeting with my parents.  Because of that, my mental state deteriorated, I became truant and ended up unconscious after a suicide attempt.  When I brought up a transfer to another hospital the Attending Physician told me that "there is no better hospital than this hospital" and he did not even write me a referral.  By the way, I have heard from other patients that "you'll be here forever in this hospital once you've been admitted".  In my evaluation of the above experience, this hospital has done nothing but traumatized me and worsened my self-denial making this the worst hospital.

12   Dkt. No. 2, Ex. B.  SOPH says that aspects of this review are untrue and harmful to the reputation

13   of the hospital.  Dkt. No. 1 at 7–8.

14          SOPH says it intends to assert a claim for defamation in Japan against the person who

15   posted the review once SOPH ascertains his or her identity.  *Id.*  SOPH seeks permission to serve a

16   subpoena on Google seeking the following documents, which it says will allow it to identify the

17   account holder:

18   > All DOCUMENTS identifying the user(s) of ACCOUNT 1 from
19   > the[sic] June 1, 2020 to the present, including all names, addresses, e-mail addresses, and email address or telephone numbers for
20   > recovery or alternate purpose, and the name, address and telephone number of ACCOUNT 1.

21   Dkt. No. 6 at 6.

22          SOPH's application is supported by the declarations of Ota Kensuke, Tomohiro Kanda,

23   and Marianne Mu.  Dkt. Nos. 2-4.

24   **II.    LEGAL STANDARD**

25          Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or

26   testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal

27   privilege.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–

28   47 (2004).  The statute may be invoked where: (1) the discovery is sought from a person residing

2

1    in the district of the court to which the application is made; (2) the discovery is for use in a

2    proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

3    an "interested person." *Intel*, 542 U.S. at 246.

4            A district court is not required to grant an application that meets the statutory criteria, but

5    instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264.  In

6    exercising that discretion, the court considers several factors:

7            (1) whether "the person from whom discovery is sought is a participant in the foreign

8                proceeding";

9            (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad,

10               and the receptivity of the foreign government or the court or agency abroad to U.S.

11               federal-court judicial assistance";

12           (3) whether the discovery request "conceals an attempt to circumvent foreign proof-

13               gathering restrictions or other policies of a foreign country or the United States"; and

14           (4) whether the discovery requested is "unduly intrusive or burdensome."

15   *Id.* at 264–65.

16           A district court's discretion is guided by the twin aims of § 1782: providing efficient

17   assistance to participants in international litigation, and encouraging foreign countries by example

18   to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376

19   F.3d 79, 84 (2d Cir. 2004).  The party seeking discovery need not establish that the information

20   sought would be discoverable under the governing law in the foreign proceeding or that United

21   States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at

22   247, 261–63.

23           Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte

24   basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request

25   and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom*

26   *GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic*

27   *of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15,

28   2010)).  "Consequently, orders granting § 1782 applications typically only provide that discovery

United States District Court
Northern District of California

3

1    is 'authorized,' and thus the opposing party may still raise objections and exercise its due process

2    rights by challenging the discovery after it is issued via a motion to quash, which mitigates

3    concerns regarding any unfairness of granting the application *ex parte*."  *In re Varian Med. Sys.*

4    *Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

5        Unless the district court orders otherwise, the discovery the court authorizes must be

6    obtained in accordance with the Federal Rules of Civil Procedure.  28 U.S.C. § 1782(a); *In re*

7    *Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th

8    Cir. 1994).

9    **III.    DISCUSSION**

10       **A.    Statutory Requirements**

11       SOPH's application satisfies the statutory requirements of 28 U.S.C. § 1782(a).  First, the

12   subpoena seeks discovery from Google, which has its principal place of business in this district.

13   Second, SOPH requests this discovery for use in a civil action for defamation that it says it

14   anticipates filing in Japan as soon as it learns the identity of the Google account holder responsible

15   for posting the review.  Crediting that assertion, this proceeding before a foreign tribunal appears

16   to be within reasonable contemplation.  *See Intel*, 542 U.S. at 259 (adjudicative proceedings need

17   not be pending or imminent, so long as they are within reasonable contemplation).  Third, SOPH,

18   as the putative plaintiff in the contemplated civil action, is an interested person within the meaning

19   of the statute.

20       **B.    *Intel* Factors**

21       Even if the Court has the authority to grant SOPH's § 1782 application, that does not mean

22   the Court is required to do so.  *Intel*, 542 U.S. at 247.  In determining whether judicial assistance

23   under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

24       **1.    Participation of target in the foreign proceeding**

25       Although this factor addresses whether the person from whom discovery is sought is a

26   party to the foreign proceeding, "the key issue is whether the material is obtainable through the

27   foreign proceeding."  *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and

28   citation omitted).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    According to the application, Google will not be a party to the civil action SOPH plans to

2    bring in Japan, and the documents SOPH seeks by subpoena are located in the United States.  Dkt.

3    No. 1 at 4.  SOPH contends that such evidence is outside the reach of a Japanese court's

4    jurisdiction.  *Id.*  In these circumstances, the need for assistance pursuant to § 1782(a) is greater

5    than it would be in circumstances where the foreign tribunal may order parties appearing before it

6    or third parties within its jurisdiction to produce evidence.  *Intel*, 542 U.S. at 264.  The Court finds

7    that this factor weighs in favor of authorizing service of the subpoena.

8                    **2.       Receptivity of foreign tribunal to U.S. judicial assistance**

9    Under this factor, the Court considers "the nature of the foreign tribunal, the character of

10   the proceedings underway abroad, and the receptivity of the foreign government or the court or

11   agency abroad to U.S. federal-court judicial assistance."  *Intel*, 542 U.S. at 264.  "This factor

12   focuses on whether the foreign tribunal is willing to consider the information sought."  *In re*

13   *Varian Med. Sys.*, 2016 WL 1161568, at *4.  "[I]f there is reliable evidence that the foreign

14   tribunal would not make any use of the requested material, it may be irresponsible for the district

15   court to order discovery, especially where it involves substantial costs to the parties involved."  *Id.*

16   (internal quotations and citation omitted).  Courts have denied requests for discovery where the

17   foreign tribunal or government expressly says it does not want the U.S. federal court's assistance

18   under § 1782.  *See, e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming the denial of discovery where the

19   German government expressly objected to the information sought due to concerns that it would

20   jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re*

21   *Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016)  (concluding

22   that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission

23   filed an amicus brief stating that it had no need or use for the requested discovery).

24   Here, SOPH represents that Japanese courts have been receptive in other matters to

25   assistance in discovery from the United States.  *See* Dkt. No. 1 at 12.  However, the cases on

26   which SOPH relies did not concern Japanese courts' receptivity to discovery of the personal

27   identifying information of individuals posting anonymous online reviews.  In *Marubeni Am. Corp.*

28   *v. LBA Y.K.*, the Second Circuit merely observed that "there is no evidence in the record of what

1    discovery would be available in, or is acceptable to, the Japanese District Court in Tokyo."  335 F.

2    App'x 95, 97–98 (2d Cir. 2009).  In *In re Ex Parte LG Elecs. Deutschland GmbH*, the discovery at

3    issue concerned documents reflecting the transfer of intellectual property rights between private

4    parties, not the personal identifying information of account holders.  No. 12CV1197-LAB MDD,

5    2012 WL 1836283, at *1 (S.D. Cal. May 21, 2012).

6         Mr. Kanda, an attorney for SOPH who is licensed to practice in Japan, asserts that he is

7    aware of no restrictions or policies under Japanese law that would limit the gathering of the

8    evidence SOPH seeks here.  Dkt. No. 4 ¶ 15.  In the absence of evidence that Japanese courts

9    would object to SOPH's discovery of the information sought in the subpoena, or that they object

10   more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor

11   weighs in favor of authorizing service of the subpoena.

### 3.    Circumvention of proof-gathering restrictions

13        Under this factor, the Court considers whether SOPH's request for discovery "conceals an

14   attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or

15   the United States."  *Intel*, 542 U.S. at 265.  "'A perception that an applicant has side-stepped less-

16   than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's

17   analysis.'"  *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube*

18   *(CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)).

19   Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest

20   that [the applicant] is attempting to circumvent foreign proof-gathering restrictions."  *In re*

21   *Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal., Dec. 15, 2014); *see*

22   *also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at

23   *3 (N.D. Cal., Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery

24   where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or

25   policies).

26        SOPH relies on the declaration of Mr. Kanda, who, as noted above, asserts that he is aware

27   of no restrictions or policies under Japanese law that would limit the gathering of the evidence

28   SOPH seeks here.  Dkt. No. 4 ¶ 15.  In the absence of contrary information regarding the

United States District Court
Northern District of California

1    procedures acceptable to a Japanese court for identifying the Google account holders, the Court

2    concludes that this factor also weighs in favor of authorizing service of the subpoena.

3              **4.      Unduly burdensome or intrusive discovery**

4              Under this factor, the Court considers whether the discovery is sought is "unduly intrusive

5    or burdensome." *Intel*, 542 U.S. at 265.

6              SOPH's proposed subpoena to seeks "all documents" identifying the users of the Google

7    account from which the review was posted.  While such a request may be somewhat broader than

8    necessary, it does not appear to impose an undue burden on Google.  However, the subpoena does

9    intrude upon the privacy interests of the Google account holder whose information SOPH seeks.

10   Moreover, the Court questions whether the procedures typically available for addressing and

11   resolving challenges to a subpoena served pursuant an ex parte application adequately protect the

12   interests of the account holder here.  As a practical matter, an individual in Japan may not be able

13   to easily invoke the available U.S. judicial processes to object to the proposed subpoena, and it is

14   not clear whether or to what extent Google may act to protect the privacy interests of its account

15   holders.

16             The Court is satisfied that its concerns can be addressed by adopting procedural protections

17   to ensure that any objections a user of the account may have to disclosure of his or her information

18   are addressed by the Court before disclosure is made.  Specifically, and as set forth below, Google

19   must notify the Court of any objections it receives from a user of the account, and it may not

20   disclose objected-to documents to SOPH until the Court resolves those objections.

21   **IV.    CONCLUSION**

22             SOPH's application meets the statutory criteria for an order authorizing service of the

23   proposed subpoena.  In addition, the factors that inform the Court's exercise of its discretion under

24   *Intel* favor authorizing service of the subpoena.

25             Accordingly, the Court authorizes service of the subpoena on Google.  This order does not

26   foreclose a motion to quash or further modify the subpoena by Google following service or by the

27   Google account holders or account users whose identifying information is sought.  The Court

28   orders SOPH and Google to comply with the following requirements to ensure all interested

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1   persons have an opportunity to contest the subpoena if they wish:

2       1.  At the time of service of the subpoena, SOPH must also serve a copy of this order on

3           Google.

4       2.  Within 10 calendar days of service of the subpoena and this order, Google shall notify

5           each of the account holders and account users within the scope of the subpoena that

6           their identifying information is sought by SOPH, and shall serve a copy of this order on

7           each such person.

8       3.  Google and/or any person whose identifying information is sought may, within 21 days

9           from the date of the notice, file a motion in this Court contesting the subpoena

10           (including a motion to quash or modify the subpoena).

11       4.  Alternatively, any person whose identifying information is sought may, within 21 days

12           from the date of the notice, advise Google in writing of any objections he or she has to

13           disclosure of the information and the bases for any such objections.  Within 10 days of

14           receipt of any such objections, Google shall so advise the Court.

15       5.  If any person contests the subpoena or objects to any portion of it, Google shall

16           preserve, but not disclose, the information sought by the subpoena pending resolution

17           of that contest or objection.

18       6.  Any information SOPH obtains pursuant to the subpoena may be used only for

19           purposes of the anticipated action for defamation or unlawful business interference, and

20           SOPH may not release such information or use it for any other purpose, absent a Court

21           order authorizing such release or use.

22    **IT IS SO ORDERED.**

23   Dated: September 15, 2020

25   VIRGINIA K. DEMARCHI

26   United States Magistrate Judge

8